# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS MELLO, | CASE NO. 1:10-cv-00 828  LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| F. AGUIAR, et al., | |
| Defendants. | |

## Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.    Plaintiff's Claims**

12   This action proceeds on the July 6, 2010, first amended complaint. Plaintiff, an inmate in
13 the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant
14 Valley State Prison (PVSP), brings this civil rights action against defendant correctional officials
15 employed by the CDCR.

16   Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff also styles his complaint
17 as a "constitutional citation criminal complaint." Plaintiff names as defendants 22 individuals, as
18 well as state defendants. Plaintiff also refers to defendants as "lien debtors." Plaintiff also sets forth
19 28 separate causes of action. A review of the first amended complaint indicates that Plaintiff has
20 failed to allege any specific conduct by any defendant. The first amended complaint consists entirely
21 of rambling, narrative allegations and legal argument.

22   **A.    Civil Rights Act**

23   To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
24 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
25 law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
26 another of a constitutional right, where that person 'does an affirmative act, participates in another's
27 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
28 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### B. Supervisory Defendants

Plaintiff includes supervisory defendants in the first amended complaint. Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### C. Unrelated Claims

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim,

multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's first amended complaint is voluminous and includes multiple unrelated claims against differing defendants. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file a second amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Specifically, Plaintiff brings multiple causes of action, and sets forth rambling legal arguments. Plaintiff is reminded that no legal argument is necessary in order to state a claim. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court will also provide Plaintiff with a form for a civil rights claim by a state prisoner. Plaintiff is directed to file his second amended complaint using the form provided by the Court. In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the Court therefore directs Plaintiff to file an amended complaint that complies with the following conditions:

1. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

2. The form must be completed in accordance with the instructions provided with the forms.

3. The amended complaint must be a short, simple and concise statement of the claim.

4. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

5. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

5

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated: **July 26, 2012**                         /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE